IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TOVIAS DUNTON, | : | MOTION TO VACATE |
| BOP Reg. # 54764-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:16-CR-215-ELR-AJB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:18-CV-2844-ELR-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Tovias Dunton, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 49.][1] The Government filed a response in opposition, [Doc. 55], and Movant filed a reply, [Doc. 57]. Movant then filed a counseled "supplemental petition." [Doc. 75.] The Government filed a response in opposition, [Doc. 80], and Movant filed a reply, [Doc. 89]. The Court held an evidentiary hearing on ground one of Movant's pro se § 2255 motion. [Docs. 82, 90.] The Court ordered Movant's counsel to file a post-hearing brief, but counsel failed to do so. [*See* Doc. 92, 95.] For the reasons

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:16-cr-215-ELR-AJB-1.

discussed below, the undersigned **RECOMMENDS** that Movant's pro se § 2255 motion be **DENIED** and his counseled "supplemental petition" be **DISMISSED** as untimely.

I. **28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

"[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582

(11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]).

## II.     Discussion

On August 23, 2017, Movant pleaded guilty to conspiracy to possess with intent to distribute heroin and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. [*See* Docs. 1, 42.] On November 14, 2017, the District Court filed the Judgment and Commitment, sentencing Movant to 120 months of imprisonment, followed by six years of supervised release. [Doc. 47.] Movant's sentence was significantly lower than his Guidelines range of 188 to 235 months of imprisonment. [Doc. 55 at 5.] Movant did not appeal. [Doc. 49 at 1.]

In his pro se § 2255 motion, timely executed on June 5, 2018, Movant claims that trial counsel, Thomas Wooldridge, provided ineffective assistance by failing to (1) file a notice of appeal, as Movant requested (ground one), and (2) challenge Movant's career offender enhancement (ground two) and base offense level (ground three). [*Id.* at 4-9, 13-16.] On September 16, 2019, the undersigned conducted an evidentiary hearing on ground one. [Docs. 82, 90.]

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

In his counseled "supplemental petition," filed on July 31, 2019, Movant claims that (1) he did not plead guilty knowingly and intelligently (ground one), and (2) Attorney Wooldridge provided ineffective assistance by failing to (a) investigate Movant's learning disabilities (ground two), and (b) "offer compelling mitigating evidence regarding his learning disabilities" at sentencing (ground three).  [Doc. 75 at 11-21.]

### A. Pro Se § 2255 Motion

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

### 1. Ground One

Movant claims that Attorney Wooldridge provided ineffective assistance by failing to file a notice of appeal, as Movant requested. [Doc. 49 at 4-5, 13.] "[A]n attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). "[A] defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Id.* at 792 (citing *Flores-Ortega*, 528 U.S. at 484).

At the evidentiary hearing, Attorney Wooldridge testified that (1) he "was reasonably pleased with the sentence," (2) he met with Movant after sentencing and advised him not to appeal, (3) Movant agreed not to appeal, (4) they never communicated again after that meeting, and (5) Wooldridge telephoned a member

5

of Movant's family and explained that Movant had agreed not to appeal. [Doc. 90 at 19-21, 26-28, 30-31.] Movant did not testify at the evidentiary hearing.

Having observed Attorney Wooldridge's demeanor and listened to his testimony, the undersigned finds that he is credible. Although Movant executed his pro se § 2255 motion under penalty of perjury, the undersigned cannot assess his credibility because he did not testify at the evidentiary hearing. After considering all the evidence in this case, the undersigned concludes that Movant has failed to meet his burden to show by a preponderance of the evidence that he asked Attorney Wooldridge to file a notice of appeal and Wooldridge failed to do so. Therefore, Attorney Wooldridge did not perform deficiently, and Movant was not prejudiced.

### 2. Grounds Two and Three

Movant claims that Attorney Wooldridge provided ineffective assistance by failing to challenge Movant's career offender enhancement (ground two) and base offense level (ground three). [Doc. 49 at 5-8, 13-16.] However, as the Government correctly explains, (1) Movant qualified for the career offender enhancement under U.S.S.G. § 4B1.1 because he had three prior felony convictions for controlled substances offenses, and (2) his base offense level was determined by his career offender status. [Doc. 55 at 10-12, 14-15.]

"A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam) (citing *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). Because a challenge to Movant's career offender enhancement and base offense level would not have succeeded, Attorney Wooldridge did not perform deficiently, and Movant was not prejudiced.

Accordingly, Movant should be denied relief as to grounds one, two, and three of his pro se § 2255 motion.

### B.   Counseled "Supplemental Petition"

Movant claims that (1) he did not plead guilty knowingly and intelligently (ground one), and (2) Attorney Wooldridge provided ineffective assistance by failing to (a) investigate Movant's learning disabilities (ground two), and (b) "offer compelling mitigating evidence regarding his learning disabilities" at sentencing (ground three). [Doc. 75 at 11-21.] The Government argues that the counseled "supplemental petition" is untimely because it (1) was filed more than one year after Movant's convictions became final, and (2) does not relate back to the grounds in his pro se § 2255 motion. [Doc. 80 at 13-18.]

Each ground in the present case is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f)(1). *See Zack v. Tucker*, 704 F.3d 917,

7

924-26 (11th Cir. 2013) (en banc).  The one-year period runs from the date on which Movant's convictions became final.  After the District Court filed the Judgment and Commitment on November 14, 2017, Movant had fourteen days in which to appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Movant did not appeal, and the fourteen-day period expired on November 28, 2017.  Thus, Movant's convictions became final on that date, and the one-year statute of limitations expired on November 28, 2018.[3]  Movant filed his counseled "supplemental petition" more than eight months late, on July 31, 2019.

To overcome that untimeliness, the grounds in Movant's counseled "supplemental petition" must relate back to the grounds in his pro se § 2255 motion.  *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  Grounds relate back if they "[arise] out of the conduct, transaction, or occurrence set out . . . in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  However, Movant's counseled "supplemental petition" does not relate back to his pro se § 2255 motion.  Movant's allegedly unknowing and unintelligent guilty plea and Attorney

---

[3] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run."  *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

Wooldridge's alleged ineffectiveness regarding Movant's learning disabilities do not arise out of Wooldridge's alleged ineffectiveness in failing to file a notice of appeal and challenge Movant's career offender enhancement and base offense level.

Accordingly, Movant's counseled "supplemental petition" should be dismissed as untimely.

### III.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) Movant's pro se § 2255 motion, [Doc. 49], be **DENIED**, (2) the counseled "supplemental petition," [Doc. 75], be **DISMISSED** as untimely, (3) a COA be **DENIED**, and (4) civil action number 1:18-cv-2844-ELR-AJB be **DISMISSED**.

10

The Clerk is **DIRECTED** to terminate the referral of the § 2255 action to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 25th day of June, 2021.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE